948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. FULKERSON, Plaintiff-Appellant,
v.
STATE OF OHIO; Kistler Ford, Inc.; Motorists Mutual
Insurance Company; Thomas J. Moyer, Chief Justice; Charles
Doneghy, Judge; William J. Skow, Judge; Harland M. Britz;
Donald E. Miehls; Thomas G. Pletz; William A. Garrett;
Robert J. Bahret; Shumaker, Loop & Kendrick; Neipp &
Wingart; Daniel Logan; Frank Kistler, Jr.; Frank Kistler,
Sr.; Harold J. Mouch, d/b/a Harold J. Mouch & Son; William
R. Mouch, d/b/a Harold J. Mouch & Son; Carol A.
Pietrykowski, Clerk of Courts; Sharon A. Hall, Motorists
Mutual Insurance Company; Lucas County Ohio, Defendants-Appellees.
 No. 91-3660.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1991.
 
 1
 Before KENNEDY and BOGGS, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 William A. Fulkerson, a Michigan resident, appeals pro se from the dismissal of his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Fulkerson sued these twenty-one defendants for damages of $276,500,000, alleging that they had all conspired in commencing a state court action against him based on an incomplete complaint, in that two exhibits mentioned in the complaint were not attached at the time it was filed. He alleged that the subsequent state court action, which ended favorably to him, was therefore jurisdictionally defective and that the defendants had violated his constitutional rights. The district court adopted the magistrate's recommendation to dismiss the complaint, over Fulkerson's objections.
 
 
 4
 Upon review, it is concluded that this case was properly dismissed for failure to state a claim, as Fulkerson could prove no set of facts which would entitle him to relief. See Dana Corp. v. Blue Cross & Blue Shield Mutual, 900 F.2d 882, 885 (6th Cir.1990). Vague and conclusory allegations of a conspiracy are insufficient to state a claim. Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). Moreover, the complaint failed to state a claim in that it did not allege state action, and was barred by the statute of limitations and the immunity of several of the defendants, to list only its most glaring defects. Furthermore, it is concluded that the frivolous and unreasonable nature of this appeal warrants the imposition of double costs under Fed.R.App.P. 38. The appellees are therefore directed to submit a bill of costs within fourteen days of the date of this order.
 
 
 5
 The district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation